IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TREMAYNE COLLIER,

    Plaintiff,

  v.

SHERIFF M. HENNESSEY, et al.,

    Defendants.

No. C 06-1143 CW (PR)

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT; DIRECTING SERVED DEFENDANTS TO FILE ANSWER OR TO SHOW CAUSE WHY DEFAULT JUDGMENT SHOULD NOT BE ENTERED AGAINST THEM; AND SETTING BRIEFING SCHEDULE

INTRODUCTION

Plaintiff Tremayne Collier, a state prisoner currently incarcerated at Kern Valley State Prison, filed this civil rights action under 42 U.S.C. § 1983, stemming from incidents occurring while he was a pretrial detainee at San Francisco County Jail, against Defendants Sheriff Michael Hennessy, Captain Ideta, Deputy E. Staehely, Deputy H. Castro, Deputy S. Neu, Senior Deputy Jackson and Senior Deputy J. Aragon.  The Court now reviews the claims in Plaintiff's complaint under 28 U.S.C. § 1915A[1] and also addresses Plaintiff's motion for entry of default judgment (docket no. 16).

DISCUSSION

I.   Motion for Entry of Default Judgment

Because Plaintiff has paid the full filing fee, summons for all the named defendants were issued by the Clerk of the Court and sent to Plaintiff to serve.  Defendants Hennessy and Castro have filed answers to the complaint.[2]

---

[1] Plaintiff paid the full filing fee in this action; therefore, the Court reviews his complaint under § 1915A, and not the provisions of the in forma pauperis statute (28 U.S.C. § 1915(e)).

[2] City Attorney Robert A. Bonta represents and has acknowledged service on behalf of Defendants Hennessey and Castro.

In an Order dated January 12, 2007, the Court ordered Plaintiff to file proof that he had served the remaining named defendants. The Court informed Plaintiff that the failure to do so would result in the dismissal of all claims against these named defendants without prejudice. In that same Order, the Court noted that Plaintiff did not sign and date his complaint. Therefore, the Court directed Plaintiff to sign a copy of page eight of his complaint, which includes the signature line, within ninety days of the January 12, 2007 Order.

Plaintiff has since responded to the Court's January 12, 2007 Order by signing a copy of page eight of his complaint and filing a "Response to Court's Order to Show Cause Against Unserved Named Defendants." Attached to his response, Plaintiff has filed proofs of service for the remaining named defendants, including Defendants Ideta, Staehely, Neu, Jackson and Aragon.[3] Pursuant to Rule 4(e), service of process upon individuals must be effected:

> (1) pursuant to the law of the state in which the district court is located, or in which the service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Plaintiff's response indicates that he hired a process server named Arthur Arenas to attempt to serve Defendants

---

[3] Plaintiff attaches the same proofs of service to his motion for entry of default judgment.

2

Ideta, Staehely, Neu, Jackson and Aragon in person. The attached proofs of service state that Mr. Arenas served Defendants Ideta, Staehely, Neu, Jackson and Aragon by "substitute service." (Pl.'s Response to OSC, Ex. A at A5-A19.) Mr. Arenas states that he left a copy of the summons and of the complaint on June 26, 2006 at 3:40 PM with "Bill Fein," who is "authorized to receive service" for those Defendants. (Id.) His attempt to serve Defendants by "substitute service" falls under Rule 4(e)(1), and as such is governed by California law. Under California law, in order to effectuate service of process by "substitute service," a plaintiff must leave the defendant a copy of the summons and complaint

> during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

See Cal. Code Civ. Proc. § 415.20(a). "When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing." Id.

According to the attached proofs of service, Mr. Arenas "mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left." (Pl.'s Response to OSC, Ex. A at A5-A19.) Mr. Arenas states that he mailed the documents for Defendants Ideta, Staehely, Neu, Jackson and Aragon on June 26, 2006, and thus, under § 415.20(a) of the California Code of Civil Procedure, service on

3

these Defendants was deemed complete ten days later, on July 6, 2006.  See Cal. Code Civ. Proc. § 415.20(a).

Plaintiff's "substitute service" appears to be in accord with § 415.20(a) of the California Code of Civil Procedure.  However, these Defendants have not yet appeared in this action.

Plaintiff has now filed a motion for the entry of default judgment against Defendants Ideta, Staehely, Neu, Jackson and Aragon.

It appears that Defendants Ideta, Staehely, Neu, Jackson and Aragon are in default because they have been properly served but have not filed an answer to Plaintiff's complaint.  However, default judgments are generally disfavored and "[c]ases should be decided upon their merits whenever reasonably possible."  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986); see also TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 693 (9th Cir. 2001) (recognizing "the long-standing principle that default judgments are disfavored").  Therefore, the Court DENIES Plaintiff's motion for entry of default judgment at this time.  Instead, the Court orders Defendants Ideta, Staehely, Neu, Jackson and Aragon to file an answer in this action or to show cause why default judgment should not be entered against them within thirty (30) days of this Order.  Failure to respond to the Court's order to show cause will result in default judgment being entered against Defendants Ideta, Staehely, Neu, Jackson and Aragon.

II.  Review of Plaintiff's Complaint

    A.  Factual Background

The following facts are derived from the allegations in

Plaintiff's complaint.

On February 28, 2004, Plaintiff returned from a jail visit and was informed that there had been a physical altercation between two inmates while he was at his visit. Jail officials began to conduct interviews. When it was time for Plaintiff's interview, Defendant Jackson informed Plaintiff that he was being transferred to administrative segregation at D-Block. Plaintiff was not given a reason for the transfer, but was told he had to go to D-Block immediately. Defendant Jackson handcuffed Plaintiff, and Plaintiff complied while his hands were "cuffed in the front." (Compl. at 4.) Plaintiff then asked Defendant Jackson if he could search his legal paperwork in his presence, so that he could take it to his new housing assignment. Defendant Jackson "became angry" and ordered Defendants Neu and Castro to "take Plaintiff to D-Block and house him in D-16 stating that he didn't 'give a fuck' if they had to drag Plaintiff there." (Id.)

During the escort, Plaintiff fell while Defendants Neu and Castro were "still holding on to Plaintiff's arms." (Id.) While on the ground, Plaintiff "felt several officers fall on his back." (Id.) Defendant Neu "applied a two (2) finger choke hold around Plaintiff's Adams [sic] apple that prevented Plaintiff from breathing." (Id.) Plaintiff "used his size and strength to remove Defendant Neu's hands from his throat" and "then lowered his head to the ground to prevent any other assaults to his throat area." (Id.) Defendant Jackson placed his foot on the left side of Plaintiff's face. Defendant Castro placed his foot on the left side of Plaintiff's wrists, "causing the cuff to cut into his

5

wrist."  (Id.)

Plaintiff began complaining of breathing problems.  Plaintiff then observed Defendant Aragon asking Defendant Jackson questions.  Deputy Sheriff Kilgariff brought a video camera to the scene and gave it to Defendant Staehely.

Defendant Jackson "advised officers who was [sic] on Plaintiff's back to get off."  (Id. at 5.)  Plaintiff continued complaining about his breathing problems.  After several minutes, Plaintiff was moved to the safety cell.  His clothes were cut off his body.  He continued to complain that he could not breathe and that he needed oxygen.  A nurse arrived to administer the oxygen, and Plaintiff informed her that he also had chest pains.  Plaintiff was then given a nitroglycerin tablet.  Paramedics arrived and transported Plaintiff to San Francisco General Hospital, where he was "given more nitroglycerin pills, morphine, and had his breathing monitored."  (Id.)  After Plaintiff was medically cleared, he was returned to the jail.

A few days later, Senior Deputy Robinson conducted a video interview of Plaintiff.  Thereafter, Plaintiff was informed that he was being charged with "two counts of using force and violence and inflicting injury upon Defendants Staehley [sic] and Castro" and "two counts of resisting arrest."  (Id. at 5-6.)  These charges were subsequently dropped "for lack of sufficient evidence."  (Id. at 6 (citing Pl.'s Ex. A).)[4]

---

[4] The Court notes that attached as Exhibit A to Plaintiff's complaint are the following:  (1) March 11, 2004 letter from the Law Offices of Arthur K. Wachtel requesting copy of videotape; (2) Chronological Report of Investigation of February 28, 2004

6

Plaintiff continues to have "ongoing chest pain, complication of breathing, and has to carry nitroglycerin where ever [sic] he goes." (Id. at 5.) He seeks compensatory and punitive damages. (Id. at 7.)

B.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation

---

incident by Deputy A. Ung; (3) complaint charging Plaintiff with four charges mentioned above; and (4) print-out showing two battery charges and only one resisting charge. (Pl.'s Ex. A.)

omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

    C.   Excessive Force Claim

A pretrial detainee, who has not yet been convicted of the crime for which he or she has been charged, is entitled to at least the protections afforded convicted prisoners. See Bell v. Wolfish, 441 U.S. 520, 545 (1979). When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. See Hudson v. McMillian, 503 U.S. 1, 6 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986).

Plaintiff alleges that on February 28, 2004, Defendants Castro, Staehely, Neu, Jackson and Aragon used excessive force against him while he was being escorted to D-Block. While Plaintiff does not specify Defendants Staehely's and Aragon's involvement in the use of force, Plaintiff alleges that he "felt several officers fall on his back" during the encounter. Because Plaintiff alleges that Defendants Staehely and Aragon were present at the incident, the Court construes Plaintiff's claim to imply

8

that Defendants Staehely and Aragon participated in the use of excessive force against Plaintiff while he was handcuffed as one of the officers who fell on his back.  Plaintiff claims that he continues to suffer ongoing chest pains and breathing problems as a result of the incident.  Based on the allegations raised, the Court is unable to say that Plaintiff can prove no set of facts which would entitle him to relief on his claim of the malicious and sadistic use of force.  Accordingly, the Court finds Plaintiff states a cognizable claim against Defendants Castro, Staehely, Neu, Jackson and Aragon for the excessive use of force in violation of Plaintiff's due process rights.

    D.   Supervisory Liability Claims

    Plaintiff claims that Defendants Hennessey and Ideta are liable as supervisors.  Plaintiff must allege that each defendant, as a supervisor, "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.  He has not made such a claim.  Accordingly, Plaintiff's supervisory liability claims against Defendants Hennessey and Ideta are DISMISSED with leave to amend.

    E.   Doe Defendants

    Plaintiff identifies "Does 1-50" as Defendants whose names he intends to learn through discovery.  The use of Doe Defendants is not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them.  Id.  Failure to afford the plaintiff

such an opportunity is error.  See <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, the claims against the Doe Defendants are DISMISSED from this action without prejudice.  Should Plaintiff learn their identities, he may move to file an amendment to the complaint to add them as named defendants.  See <u>Brass v. County of Los Angeles</u>, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

## CONCLUSION

1.   Plaintiff's motion for entry of default judgment (docket no. 16) is DENIED.

2.   Defendants Ideta, Staehely, Neu, Jackson and Aragon shall file an answer in this action pursuant to the briefing schedule below or show cause why default judgment should not be entered against them within <u>thirty (30) days</u> of this Order.  Failure to do so will result in default judgment being entered against them.

3.   The Clerk shall serve a copy of this Order on Bill Fein and Sheriff M. Hennessey at the San Francisco Sheriff's Department and Attorney Bonta, Defendants Hennessey's and Castro's attorney at the San Francisco City Attorney's Office.  They are directed to notify Defendants Ideta, Staehely, Neu, Jackson and Aragon, if they are able to do so, that an order to show cause regarding default judgment has been issued.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4.   Plaintiff has adequately alleged a cognizable excessive force claim against Defendants Castro, Staehely, Neu, Jackson and Aragon.

5.   Plaintiff's supervisory liability claims against

10

Defendants Hennessey and Ideta are DISMISSED WITH LEAVE TO AMEND as indicated above.  Within thirty (30) days of the date of this Order Plaintiff may file amended supervisory liability claims against these Defendants (Plaintiff shall resubmit only those claims and not the entire complaint) as set forth above in Section II(D) of this Order.  The failure to do so will result in the dismissal without prejudice of the supervisory liability claims against Defendants Hennessey and Ideta.

   6.   Plaintiff's claims against the Doe Defendants are DISMISSED from this action without prejudice.

   7.   Defendants Hennesey and Castro have already filed an answer to the complaint.  As mentioned above, Defendants Ideta, Staehely, Neu, Jackson and Aragon shall file an answer within thirty (30) days of the date of this Order.  The following briefing schedule shall govern dispositive motions in this action:

      a.   No later than sixty (60) days of the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

      b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than thirty (30) days after the date on which Defendants' motion is

11

filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to

12

the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

       c.  If Defendants wish to file a reply brief, they shall do so no later than <u>fifteen (15) days</u> after the date Plaintiff's opposition is filed.

       d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

   8.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

   9.  All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

   10.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion

   11.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

   12.  This Order terminates Docket no. 16.

   IT IS SO ORDERED.

DATED: 9/23/08

                                CLAUDIA WILKEN
                                United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TREMAYNE COLLIER,

        Plaintiff,

v.

M HENNESSY, SHERIFF et al,

        Defendant.

Case Number: CV06-01143 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 23, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert A. Bonta M
City Attorney's Office
City & County of San Francisco
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, CA 94102-5408

Tremayne Collier
V-60930
Kern Valley State Prison
P.O. Box 5102  B3-130
Delano, CA 93216

Bill Fein
San Francisco Sheriff's Department
1 Dr. Carlton B. Goodlett Pl., #456
San Francisco, CA 94102

Sheriff Michael Hennessey
San Francisco Sheriff's Department
1 Dr. Carlton B. Goodlett Pl., #456
San Francisco, CA 94102

Dated: September 23, 2008

                Richard W. Wieking, Clerk
                By: Sheilah Cahill, Deputy Clerk