1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TREMAYNE COLLIER,                              No. C 06-01143 CW (PR)

       Plaintiff,                           ORDER APPOINTING COUNSEL
                                 AND SETTING CASE MANAGEMENT
    v.                                        CONFERENCE DATE

SHERIFF M. HENNESSEY, et al.,

       Defendants.

_____/

    The Court having determined that it would be beneficial to
have counsel assist Plaintiff in this matter and volunteer counsel
willing to be appointed to represent Plaintiff having been located
by the Court,

    IT IS HEREBY ORDERED THAT Nathan A. Greenblatt, Esq. (SBN
262279), Luiz A.S. Arroyo, Esq. (SBN 267682), and Gregory D. Hull,
Esq. (SBN 57367) of Weil, Gotshal & Manges LLP, are appointed as
counsel for Plaintiff in this matter pursuant to 28 U.S.C.
§ 1915(e)(1) and the Court's Federal Pro Bono Project guidelines.

    The Clerk of the Court shall send a copy of this Order to
Plaintiff's counsel at Weil, Gotshal & Manges LLP, 201 Redwood
Shores Parkway, Redwood Shores, California 94065.  The Clerk of the
Court shall also send a copy of this Order to Plaintiff, and to
Defendants' counsel.

    IT IS FURTHER ORDERED THAT a case management conference will
be held on July 27, 2010, at 2:00 p.m.  Counsel shall comply with
the attached Order for Pretrial Preparation.

    In light of the appointment of counsel, Plaintiff's motion for
appointment of counsel (docket no. 104) is GRANTED, and his

remaining pending motions (docket nos. 74, 86, 87, 88, 89, 90, 93, 94, 95, 96, 97, 98, 103) are DENIED WITHOUT PREJUDICE to refiling by counsel if counsel deems it advisable.

This Order terminates Docket nos. 74, 86, 87, 88, 89, 90, 93, 94, 95, 96, 97, 98, 103 and 104.

IT IS SO ORDERED.

DATED:   6/30/2010

CLAUDIA WILKEN
United States District Judge

<u>NOTICE</u>

**Case Management Conferences and Pretrial Conferences** are conducted on **Tuesdays** at 2:00 p.m.  **Criminal Law and Motion** calendar is conducted on **Wednesdays** at 2:00 p.m. for defendants in custody and 2:30 p.m. for defendants not in custody.  **Civil Law and Motion** calendar is conducted on **Thursdays** at 2:00 p.m.  Order of call is determined by the Court.  Counsel need not reserve a hearing date for civil motions; however, counsel are advised to check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

Motions for Summary Judgment:  All issues shall be contained within one motion of 25 pages or less, made on 35 days notice. (<u>See</u> Civil L.R. 7-2).  Separate statements of undisputed facts in support of or in opposition to motions for summary judgment will not be considered by the Court.  (<u>See</u> Civil Local Rule 56-2(a)). The motion and opposition should include a statement of facts supported by citations to the declarations filed with respect to the motion.  Evidentiary and procedural objections shall be contained within the motion, opposition or reply; separate motions to strike will not be considered by the Court.  Any cross-motion shall be contained within the opposition to any motion for summary judgment, shall contain 25 pages or less, and shall be filed 21 days before the hearing.  The reply to a motion may contain up to 15 pages, shall include the opposition to any cross-motion, and shall be filed 14 days before the hearing.  (<u>See</u> Civil Local Rule 7-3).  The Court may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so as to give a moving party time to file a reply to any cross-motion.

All discovery motions are referred to a Magistrate Judge to be heard and considered at the convenience of his/her calendar.  All such matters shall be noticed by the moving party for hearing on the assigned Magistrate Judge's regular law and motion calendar, or pursuant to that Judge's procedures.

Pursuant to General Order 45, § VI.G, "In all cases subject to ECF, in addition to filing papers electronically, the parties are required to lodge for chambers **no later than noon on the business day following the day that the papers are filed electronically,** one paper copy of each document that is filed electronically."

(rev. 10/10/07)
(order attached rev. 6/29/10)

**United States District Court**
For the Northern District of California

<u>ORDER FOR PRETRIAL PREPARATION</u>

<u>PRETRIAL CONFERENCE</u>

1.   Not less than 28 days prior to the pretrial conference, counsel shall **exchange** (but not file or lodge) the papers described in Civil L.R. 16-10(b)(7),(8),(9), and (10), and their motions in limine.

2.   At least 21 days before the final pretrial conference, lead counsel who will try the case shall meet and confer with respect to:

(a)   Preparation and content of the joint pretrial conference statement;

(b)   Resolution of any differences between the parties regarding the preparation and content of the joint pretrial conference statement and the preparation and exchange of pretrial materials to be served and lodged pursuant to this Order for Pretrial Preparation. To the extent such differences are not resolved, the parties will present the issues in the pretrial conference statement so that the judge may rule on the matter during the pretrial conference; and

(c)   Settlement of the action.

3.   Not less than 14 days prior to the pretrial conference, counsel shall submit the following.

(a)   Pretrial Conference Statement.  The parties shall file a joint pretrial conference statement containing the following information:

(1)   The Action.

(A)   Substance of the Action.  A brief description of the substance of claims and defenses which remain to be decided.

(B)   Relief Prayed.  A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed.

(2)   The Factual Basis of the Action.

4

**United States District Court**
For the Northern District of California

(A)  Undisputed Facts.  A plain and concise statement of all relevant facts not reasonably disputed.

(B)  Disputed Factual Issues.  A plain and concise statement of all disputed factual issues which remain to be decided.

(C)  Agreed Statement.  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(D)  Stipulations.  A statement of stipulations requested or proposed for pretrial or trial purposes.

(3)  Disputed Legal Issues.   Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief.

(4)  Further Discovery or Motions.  A statement of all remaining discovery or motions.

(5)  Trial Alternatives and Options.

(A)  Settlement Discussions.  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(B)  Consent to Trial Before a Magistrate Judge.  A statement whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

(C)  Bifurcation, Separate Trial of Issues.  A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(6)  Miscellaneous.  Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

(b)  Exhibit List and Objections.  The exhibit list shall list each proposed exhibit by its number (see Civil L.R. 30-2(b)), description, and sponsoring witness, followed by blanks to accommodate the date on which it is marked for identification and the date on which it is admitted into

5

**United States District Court**
For the Northern District of California

evidence.  **No party shall be permitted to offer any exhibit in
its case-in-chief that is not disclosed in its exhibit list
without leave of the Court for good cause shown.**  Parties
shall also deliver a set of premarked exhibits to the
Courtroom Deputy.  The exhibit markers shall each contain the
name and number of the case, the number of the exhibit, and
blanks to accommodate the date admitted and the Deputy Clerk's
initials.  (Appropriate sample forms are available on the
Court's website at www.cand.uscourts.gov).  Any objections to
exhibits which remain after the pretrial meeting shall be
indicated in the pretrial statement.

        (c)  Witness List.  In addition to the requirements
of FRCivP 26(a)(3)(A), a brief statement describing the
substance of the testimony to be given by each witness who may
be called at trial.  **No party shall be permitted to call any
witness in its case-in-chief that is not disclosed in its
pretrial statement without leave of Court for good cause
shown.**

        (d)  Use of Discovery Responses.  In addition to the
requirements of FRCivP 26(a)(3)(B), a designation of any
excerpts from interrogatory answers or from responses for
admissions intended to be offered at trial.  Counsel shall
indicate any objections to use of these materials and that
counsel have conferred respecting such objections.

        (e)  Trial briefs.  Briefs on all significant
disputed issues of law, including foreseeable procedural and
evidentiary issues, which remain after the pretrial meeting.

        (f)  Motions in Limine.  Any motions in limine that

**United States District Court**
For the Northern District of California

could not be settled at the pretrial meeting shall be filed with the pretrial statement.  All motions in limine shall be contained within one document, limited to 25 pages pursuant to Civil L.R. 7-2(b), with each motion listed as a subheading. Opposition to the motions in limine shall be contained within one document, limited to 25 pages, with corresponding subheadings, and filed seven (7) days thereafter.

(g)   Joint Proposed Voir Dire.  The attached voir dire questionnaire will be given to the venire members, and copies of the responses will be made available to counsel at the beginning of voir dire.  Counsel may submit a set of additional requested voir dire, to be posed by the Court, to which they have agreed at the pretrial meeting.  Any voir dire questions on which counsel cannot agree shall be submitted separately.  Counsel may be allowed brief follow-up voir dire after the Court's questioning.

(h)   Joint Proposed Jury Instructions.  As applicable, jury instructions §1.1A, §1.1C, §1.2 through §1.17, §1.19, §2.1 through §2.13, §3.1 through §3.3 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 Edition) will be given absent objection.  Counsel shall jointly submit one set of additional proposed jury instructions, to which they have agreed at the pretrial meeting.  The instructions shall be ordered in a logical sequence, together with a table of contents.  Any instruction on which counsel cannot agree shall be marked as "disputed," and shall be included within the jointly submitted instructions and accompanying table of contents, in the place

**United States District Court**
For the Northern District of California

where the party proposing the instruction believes it should be given.  Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on separate pages directly following the disputed instruction.

The parties shall email to cwpo@cand.uscourts.gov a copy of their proposed jury instructions in WordPerfect or Word format.  The subject of the email should include the name of the parties, the case number and a description of the document.

(i)  Proposed Verdict Forms, Joint or Separate.

(j)  Proposed Findings of Fact and Conclusions of Law (Court Trial only).  The parties shall email to cwpo@cand.uscourts.gov a copy of their proposed findings of fact and conclusions of law in WordPerfect or Word format.  The subject of the email should include the name of the parties, the case number and a description of the document.

JURY SELECTION

The Jury Commissioner will summon 20 to 25 prospective jurors.  The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.

Voir dire will be asked of sufficient venire persons so that eight (or more for a lengthy trial) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

The Court will then take cause challenges, and discuss hardship claims from the individual jurors, outside the

presence of the venire.  The Court will inform the attorneys which hardship claims and cause challenges will be granted, but will not announce those dismissals until the process is completed.  Each side may then list in writing up to three peremptory challenges.  The attorneys will review each other's lists and then submit them to the Courtroom Deputy.

Then, from the list of jurors in numerical order, the Court will strike the persons with meritorious hardships, those excused for cause, and those challenged peremptorily, and call the first eight people in numerical sequence remaining.  Those people will be the jury.

All jurors remaining at the close of the case will deliberate.  There are no alternates.

SANCTIONS

Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16(f).

IT IS SO ORDERED.

Dated: _____    _____
                                    CLAUDIA WILKEN
                                    UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

1

### JUROR QUESTIONNAIRE

2
3
4

Please fill out this form as completely as possible and print clearly.  Since we want to make copies for the attorneys and the Court, do not write on the back of any page.  If you need more room, continue at the bottom of the page.  Thank you for your cooperation.

5
6

1.    Your name:
_____

7
8

2.    Your age:
_____

9

3.    The city where you live:
_____

10
11

      How long have you lived
there:_____

12

4.    Your place of birth:
_____

13
14

5.    Do you rent or own your own home?
_____

15

6.    Your marital status: (circle one)

16

      single    married    live with partner    separated    divorced
widowed

17
18

7.    What is your occupation, and how long have you worked in
      it?  (If you are retired, please describe your main
      occupation when you were working).

19
20

_____

_____

21
22

8.    Who is (or was) your employer?

_____

23

9.    How long have you worked for this employer? _____

24
25

10.   Please list the occupations of any adults with whom you
      live.

26

_____

27
28

11.   If you have children, please list their ages and sex and,
      if they are employed, please give their occupations.

10

1  _____

2  _____

3  _____

4  _____

5  12.  Please describe your educational background:

6       Highest grade completed: _____

7       College and/or vocational schools you have attended:

8  _____

9  _____

10 _____

11      Major areas of study:_____

12 13.  Have you ever served on a jury before? _____   How many

13      times?_____

14      If yes:  State/County Court _____   Federal Court _____

15      When? _____

16      Was it a civil or criminal case? _____

17      Did the jury(ies) reach a verdict? _____

18 14.  Attached is a list of the parties in this case, the law

19      firms representing the parties, attorneys in this case,

20      and persons who are potential witnesses in this case.  Do

21      you know, or think you know, any of the persons listed?

22           Yes:_____           No:_____

23      If so, make a check next to their name.

24

25

26 Rev. 04/15/09

27

28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TREMAYNE COLLIER,                                    Case Number: CV06-01143 CW

            Plaintiff,                               **CERTIFICATE OF SERVICE**

    v.

M HENNESSY, SHERIFF et al,

            Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 30, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tremayne  Collier V-60930
Kern Valley State Prison
P.O. Box 5102
A6-208
Delano,  CA 93216

Nathan A. Greenblatt, Esq.
Luis A.S. Arroyo, Esq.
Gregory D. Hull, Esq.
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

Dated: June 30, 2010

                                    Richard W. Wieking, Clerk
                                    By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California