GREGORY D. HULL (Bar. No. 57367)
greg.hull@weil.com
NATHAN A. GREENBLATT (Bar No. 262279)
nathan.greenblatt@weil.com
LUIZ A. S. ARROYO (Bar No. 267682)
luiz.arroyo@weil.com

WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Plaintiff Tremayne Collier

DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
ROBERT A. BONTA, State Bar #202668
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-4268
Facsimile:    (415) 554-3837
E-Mail:       robert.bonta@sfgov.org

Attorneys for Defendants
SAN FRANCISCO SHERIFF MICHAEL
HENNESSEY, SAN FRANCISCO SHERIFF'S
DEPUTIES HAROLD CASTRO,
EVAN STAEHELY, SCOTT NEU,
JASON JACKSON, SENIOR DEPUTY
JIM ARAGON, AND CAPTAIN TAKAFUMI
MARTY IDETA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE COLLIER,<br><br>        Plaintiff,<br><br>    vs.<br><br>SHERIFF MICHAEL HENNESSEY,<br>CAPTAIN IDETA,<br>DEPUTY E. STAEHELY, #1803,<br>DEPUTY H. CASTRO, #1862,<br>DEPUTY S. NEU #1823,<br>SENIOR DEPUTY JACKSON, #1229,<br>SENIOR DEPUTY J. ARAGON, #537,<br><br>        Defendants. | Case No. C06-01143 CW<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Filed Date:      February 16, 2006<br>Trial Date:      October 18, 2010 |

      Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this matter be made pursuant to the terms of this PROTECTIVE ORDER.

      GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the entry of an order as follows:

1. CONFIDENTIAL INFORMATION, within the meaning of this PROTECTIVE ORDER, shall include all documents that the parties in good faith according to applicable legal principles have designated as confidential. Designating information as confidential requires identifying specific pages or portions of pages of the confidential information. The parties shall attempt to stamp "Confidential" on all such documents prior to production. In the event that any CONFIDENTIAL INFORMATION is inadvertently not stamped as "Confidential" by the parties, the party who notices this oversight shall nonetheless treat such documents as CONFIDENTIAL INFORMATION. Such party shall also immediately make the labeling oversight known to the other parties and the documents shall immediately be stamped as "Confidential" by the designating party and treated as such, as per this order. Absent agreement, neither party may designate as CONFIDENTIAL INFORMATION information produced by or obtained from the other party.

2. The party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communication that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of the Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

3. The protections conferred by this Stipulation and Order do not cover the following information: any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of

**STIPULATED PROTECTIVE ORDER**
**CASE NO. C06-01143 CW [OAKLAND]**

2

publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

4. The CONFIDENTIAL INFORMATION shall not be exhibited, displayed or otherwise disclosed by the non-designating party or the non-designating party's Counsel, if any, (or authorized persons described in Section 7) to other persons except as specifically provided herein.

5. Either party may challenge designation of a particular document as CONFIDENTIAL INFORMATION by filing an appropriate motion, under seal, with the Court. Filings under seal must comply with Civil Local Rule 79-5. The parties agree that the prevailing party in a motion to remove the confidential designation shall waive any entitlement to monetary sanctions, including attorney's fees. Either party may also request the designating party to review a confidentiality designation of a particular item or set of items at any time. If such a request is made, the designating party shall promptly advise the requesting party if the designating party intends to maintain the confidentiality designation.

6. Unless disclosure is ordered by the Court, the designating party shall have the sole authority to determine that documents subject to the PROTECTIVE ORDER are no longer considered CONFIDENTIAL INFORMATION and will advise plaintiff or counsel for plaintiff, if any, in writing if this determination is made.

7. Any CONFIDENTIAL INFORMATION that is disclosed or produced by any party or non party in connection with this case may be used only for prosecuting, defending, or attempting to settle this litigation. CONFIDENTIAL INFORMATION may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, all parties or non parties that have received CONFIDENTIAL INFORMATION must comply with the provisions of Section 13, below.

All parties or non parties that have received CONFIDENTIAL INFORMATION must store and maintain it in a secure manner that ensures that access is limited to the persons authorized under this Order.

**STIPULATED PROTECTIVE ORDER**
**CASE NO.  C06-01143 CW [OAKLAND]**

3

8. The receiving party may exhibit, discuss, and/or disclose CONFIDENTIAL INFORMATION only to the following categories of person and no other unless authorized by order of the Court:

    a. The receiving party's Counsel, if any;

    b. Experts, investigators or consultants retained by the party or the party's Counsel, if any, to assist in the evaluation, preparation, or trial of this case; however, before any expert, investigator, or consultant is permitted to review the CONFIDENTIAL INFORMATION, such individual must agree to comply with the terms of this PROTECTIVE ORDER by executing the document attached as Exhibit A. The party or the party's counsel, if any, shall file and serve that document upon its execution; however, the party or party's counsel, if any, shall not be required to file any Agreement to Comply any earlier than the date that Expert Disclosures are required to be made. Experts, investigators, and consultants shall not have any power to authorize further disclosure of CONFIDENTIAL INFORMATION to any other person.

    c. Secretaries, paralegals, attorneys, and other staff of a party's counsel to whom disclosure is reasonably necessary for the performance of their duties.

    d. Judge Wilken, Judge Vadas, and other Court staff.

9. A party may designate information as "ATTORNEY EYES ONLY," provided that such designation is made in good faith and pursuant to appropriate legal principles. Information designated as ATTORNEY EYES ONLY is subject to the protections for CONFIDENTIAL INFORMATION under this protective order. In addition, ATTORNEY EYES ONLY information may only be disclosed to the persons listed in categories (a) to (d) above, and shall not be disclosed to the parties to the action or any other persons, subject to the following:

    a. For purposes of evaluating the settlement value or potential jury verdict, counsel may discuss the general nature of the CONFIDENTIAL INFORMATION with a party without disclosing any identifying details about a specific incident or any documents. A party's counsel may also review with a party any statement or interview given by that party.

**STIPULATED PROTECTIVE ORDER**
**CASE NO. C06-01143 CW [OAKLAND]**

4

10. Unless otherwise stipulated to by the designating party, any use of CONFIDENTIAL INFORMATION or comment on the substance of any CONFIDENTIAL INFORMATION in any papers or pleadings filed with the Court, shall be filed under seal pursuant to the Court's rules and procedures (see Northern District of California Civil Local Rule 79-5).

11. In the event any person desires to exhibit documents or disclose CONFIDENTIAL INFORMATION covered under this stipulation during trial or pretrial proceedings, such person shall meet and confer with opposing counsel to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure, and if counsel do not agree to such disclosure, such CONFIDENTIAL INFORMATION shall not be disclosed unless authorized by order of the Court.   The Court Reporter may be requested to mark as "Confidential" any deposition or hearing transcript that contains any CONFIDENTIAL INFORMATION or any reference to CONFIDENTIAL INFORMATION.

12. If a party who has received CONFIDENTIAL INFORMATION learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or in any circumstance not authorized under this PROTECTIVE ORDER, the party must immediately (a) notify the designating party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the CONFIDENTIAL INFORMATION, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the document that is attached hereto as Exhibit A.

13. Any inadvertent disclosure made in violation of this PROTECTIVE ORDER does not constitute a waiver of the terms of this PROTECTIVE ORDER, except by written agreement of the parties, or further order of this Court.

14. All documents covered by this PROTECTIVE ORDER and copies thereof (including those in the possession of experts, consultants, investigators, etc.) will be returned to the designating party or destroyed at the termination of this litigation, through final judgment, appeal, or by whatever means resolved.  On final disposition of this case, the receiving party's counsel, and all other persons subject to this Order (including experts, consultants, and investigators), shall within 30 days after the

**STIPULATED PROTECTIVE ORDER**
**CASE NO.  C06-01143 CW [OAKLAND]**

5

final disposition of this case, without request or further order of this Court, return all CONFIDENTIAL INFORMATION to the designating party's counsel of record in this matter or may destroy it. The provisions of this PROTECTIVE ORDER shall, without further order of the Court, continue to be binding after the conclusion of the action, and this Court will have jurisdiction to enforce the terms of this PROTECTIVE ORDER. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

15. This PROTECTIVE ORDER is enforceable as an order of the Court. Penalties for violation of this order may be imposed by the Court as appropriate, according to applicable law. Possible penalties may include sanctions ordered by the Court.

IT IS SO STIPULATED.

Dated:  August 31, 2010

    DENNIS J. HERRERA  
    City Attorney  
    JOANNE HOEPER  
    Chief Trial Deputy  
    ROBERT A. BONTA  
    Deputy City Attorney  

By: /s/  *Robert A. Bonta*  
    ROBERT A. BONTA  

Attorneys for Defendants  
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

Dated:  August 31, 2010        WEIL, GOTSHAL & MANGES LLP

By:/s/  *Nathan A. Greenblatt*  
    GREGORY D. HULL  
    LUIZ A.S. ARROYO  
    NATHAN A. GREENBLATT  

Attorneys for Plaintiff  
TREMAYNE COLLIER

**ORDER**

    Pursuant to this stipulation, IT IS SO ORDERED

Dated:  9/14/2010

    HON. CLAUDIA WILKEN  
    UNITED STATES DISTRICT JUDGE

**STIPULATED PROTECTIVE ORDER**  
**CASE NO.  C06-01143 CW [OAKLAND]**    7

# EXHIBIT A

## AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION

I, _____, have read and understand the Court's Protective Order for CONFIDENTIAL INFORMATION. I agree to abide by all terms of the Order. In addition, I specifically understand and agree to the following:

1. I will not disclose the CONFIDENTIAL INFORMATION to any other person.

2. I understand that I have no power to authorize any other person to review the CONFIDENTIAL INFORMATION.

3. I agree not to make copies of the CONFIDENTIAL INFORMATION.

4. I agree to return the CONFIDENTIAL INFORMATION to the counsel for the party that produced it, at or before the conclusion of this litigation.

5. I understand that if I violate any of the terms of the Protective Order, then I may be subject to sanctions or possible contempt.

DATE:

_____

AGREED:

_____

_____
SIGNATURE

_____
PRINT NAME

STIPULATED PROTECTIVE ORDER
CASE NO. C06-01143 CW [OAKLAND]              8