IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TREMAYNE COLLIER,

    Plaintiff,

  v.

SHERIFF MICHAEL HENNESSY, et al.,

    Defendants.
   /

No. C 06-01143 CW

ORDER ON MOTIONS IN LIMINE

As discussed at the final pre-trial conference, held on March 15, 2011, the Court rules on the parties' motions in limine as follows:

**Plaintiff's Motions in Limine**

1. Preclude Michael Pickett, Defendants' use-of-force expert witness, from testifying that they did not use excessive force against Plaintiff.

    GRANTED in part. Pickett shall not opine on what he believes to have occurred during the February 28, 2004 incident, on whether Defendants' conduct was reasonable or on Plaintiff's credibility. Pickett may offer opinions only on particular techniques that officers are trained to use in certain hypothetical fact patterns. He may offer this testimony so long as it was disclosed in his report.

2. Exclude evidence of Plaintiff's prior convictions.

    GRANTED in part and DENIED in part. To demonstrate their alleged state of mind during the incident, Defendants may proffer evidence that they were aware that Plaintiff was charged with committing a crime of violence. Defendants shall not disclose that Plaintiff was charged with murder. To impeach Plaintiff's credibility, Defendants may proffer evidence that Plaintiff was convicted of two felonies: (1) a crime of violence and (2) forgery. Defendants shall not impeach Plaintiff with evidence that he was convicted of murder. Plaintiff's convictions shall not be used for any other purpose.

**Defendants' Motions in Limine**

1. Exclude all evidence of grievances, allegations, complaints or litigation regarding any City witness, except for those brought by Plaintiff in this case.

    GRANTED in part. Evidence of complaints related to Defendant Neu's purported "sexual behavior in jail" is excluded as irrelevant. Evidence of other grievances, allegations, complaints or litigation involving Defendants shall also be excluded, unless Plaintiff provides an offer of proof showing that such evidence is relevant and otherwise admissible under the Federal Rules of Evidence.

2. Exclude all evidence regarding whether or not Plaintiff received proper medical care while in custody.

    GRANTED. That Plaintiff may have received inadequate medical care before the February 28, 2004 incident is not relevant to his excessive force claims.

3. Exclude all evidence of the criminal charges brought against Plaintiff as a result of the February 28, 2004 incident, including but not limited to the district attorney's office's failure to prosecute.

    GRANTED.

4. Exclude all evidence of future medical damages.

    GRANTED. Plaintiff has not disclosed any expert who can opine his future medical damages.

5. Exclude all evidence of press reports or other third party reports regarding any of the City's witnesses, including but not limited to those regarding this matter.

    GRANTED. Such evidence is hearsay.

    IT IS SO ORDERED.

Dated: **3/17/2011**

_____
CLAUDIA WILKEN
United States District Judge