IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TREMAYNE COLLIER,                                  No. C 06-1143 CW

       Plaintiff,                               FINAL JURY
                                                   INSTRUCTIONS
   v.

DEPUTY EVAN STAEHELY, DEPUTY HAROLD
CASTRO, DEPUTY SCOTT NEU, SENIOR
DEPUTY JASON JACKSON,

       Defendants.
_____/

**DUTY OF THE JURY**

    Members of the Jury: Now that you have heard all of the
evidence, it is my duty to instruct you as to the law of the case.
A copy of these instructions will be sent with you to the jury room
when you deliberate.  You should discard the preliminary
instructions; the final instructions control and you should not
concern yourselves with any differences between them and the
preliminary instructions.  You must not infer from these
instructions or from anything I may say or do that I have an
opinion regarding the evidence or what your verdict should be.

    It is your duty to find the facts from all the evidence in the
case.  To those facts you will apply the law as I give it to you.
You must follow the law as I give it to you whether you agree with
it or not.  And you must not be influenced by any personal likes or
dislikes, opinions, prejudices, or sympathy.  That means that you

must decide the case solely on the evidence before you.  You will

recall that you took an oath to do so.

In following my instructions, you must follow all of them and

not single out some and ignore others; they are all important.

### CLAIMS AND DEFENSES

I will first give you a brief summary of the positions of the

parties:

Plaintiff Tremayne Collier claims that Defendant Deputies Evan

Staehely, Harold Castro and Scott Neu and Senior Deputy Jason

Jackson violated his rights under the United States Constitution by

using unreasonable force against him on February 28, 2004 while he

was detained in a San Francisco County Jail and being transferred

to another section of the facility.  Mr. Collier also claims that

Defendant Senior Deputy Jackson violated his rights under the

United States Constitution by failing to prevent the use of

unreasonable force.  Senior Deputy Aragon is no longer a party to

this action.  You may not speculate as to the reason he is not and

may not make any inferences for or against any party because of

this.  Mr. Collier alleges that he suffered damages as a result of

Deputy Staehely's, Castro's and Neu's, and Senior Deputy Jackson's

actions and Senior Deputy Jackson's failure to act to prevent the

use of unreasonable force.  In separate instructions, I will

explain what constitutes a violation of constitutional rights and

what damages are recoverable.

Mr. Collier has the burden of proving these claims by a

preponderance of the evidence.  Defendants deny the claims.

2

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**BURDEN OF PROOF**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers may agree.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.

3

(3) Testimony that has been excluded or stricken, or that you were instructed to disregard, is not evidence and must not be considered.

(4) Anything you see or hear when the Court is not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

### EVIDENCE FOR LIMITED PURPOSE

Some evidence was admitted for a limited purpose only.  When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

### RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the witness was permitted to answer the question.  If I sustained the objection, the witness

4

was not permitted to answer the question.  If I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case and any bias or prejudice;

(5)   whether other evidence contradicts the witness's testimony;

(6)   the reasonableness of the witness's testimony in light of all the evidence; and

(7)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## EXPERT OPINION

Witness Michael Pickett, because of education and experience, was permitted to state opinions and the reasons for those opinions. Opinion testimony should be judged just like any other testimony.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**OVERVIEW OF APPLICABLE LAW - VIOLATION OF CONSTITUTIONAL RIGHTS**

Mr. Collier brings his claims under the United States civil rights law, which provides that any person or persons who, under color of law, deprives another of any rights secured by the Constitution of the United States shall be liable to the injured party.

You must decide the case as to each Defendant separately.

**VIOLATION OF CONSTITUTIONAL RIGHTS - UNREASONABLE FORCE CLAIMS AGAINST DEPUTIES STAEHELY, CASTRO AND NEU AND SENIOR DEPUTY JACKSON**

In order to prevail on his claim against each of Deputies Staehely, Castro and Neu and Senior Deputy Jackson based on their alleged use of unreasonable force, Mr. Collier must prove, by a preponderance of the evidence, that

1.   the acts of the Defendant deprived him of a right under the United States Constitution, as explained in a later instruction; and

2.   these acts caused him harm.

The parties agree that all of the Deputies and Senior Deputy Jackson acted under the color of law.

**UNREASONABLE FORCE CLAIMS AGAINST DEPUTIES STAEHELY, CASTRO AND NEU AND SENIOR DEPUTY JACKSON - ELEMENT ONE: DEPRIVATION OF CONSTITUTIONAL RIGHTS**

The first element of his unreasonable force claim against each of Deputies Staehely, Castro and Neu and Senior Deputy Jackson that

6

Mr. Collier must prove is that the Defendant violated his constitutional rights.

Under the United States Constitution, a deputy sheriff may only use such force against a pretrial detainee as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable deputy sheriff on the scene and not with the 20/20 vision of hindsight.

In determining whether one or more of Deputies Staehely, Castro and Neu or Senior Deputy Jackson used unreasonable force in this case, consider all of the circumstances known to each Deputy and Senior Deputy Jackson on the scene, including:

1.   the severity of the circumstances to which the Deputies and Senior Deputy Jackson were responding;

2.   whether Mr. Collier posed an immediate threat to the safety of the Deputies or Senior Deputy Jackson or others;

3.   whether Mr. Collier was actively resisting the Deputies' and Senior Deputy Jackson's efforts to transfer him to another section of the jail;

4.   the amount of time and any changing circumstances during which the Deputies and Senior Deputy Jackson had to determine the type and amount of force that appeared to be necessary;

5.   the type and amount of force used; and

6.   the availability of alternative methods, if necessary, to subdue Mr. Collier.

7

1      Your deliberations must be individualized and must focus

2   separately on the actions of each individual Deputy and Senior

3   Deputy Jackson.

4   **UNREASONABLE FORCE CLAIMS AGAINST DEPUTIES STAEHELY, CASTRO AND NEU
    AND SENIOR DEPUTY JACKSON - ELEMENT TWO: CAUSATION**

5

6      The second element of his unreasonable force claim against

7   each of Deputies Staehely, Castro and Neu and Senior Deputy Jackson

    that Mr. Collier must prove is that their actions caused him harm.

8

9      In order to establish that the acts of any Deputy or Senior

10  Deputy caused him harm, Mr. Collier must prove by a preponderance

11  of the evidence that the acts were so closely related to his injury

12  as to be the moving force that caused the ultimate injury.

13  **VIOLATION OF CONSTITUTIONAL RIGHTS - CLAIM AGAINST SENIOR DEPUTY
    JACKSON OF FAILURE TO ACT**

14     In order to prevail on his claim against Senior Deputy Jackson

15  for a failure to act to prevent unreasonable force, Mr. Collier

16  must prove each of the following elements by a preponderance of the

17  evidence:

18     1.    the acts of Deputies Staehely, Castro or Neu deprived Mr.

19            Collier of a right under the United States Constitution

20            as explained in the Instructions above;

21     2.    Senior Deputy Jackson knew, or reasonably should have

22            known, that any of Deputies Staehely, Castro or Neu was

23            engaging in these acts and that this conduct would

24            deprive Mr. Collier of a constitutional right;

25     3.    Senior Deputy Jackson failed to act to prevent Deputies

26            Staehely, Castro or Neu from engaging in such conduct;

27            and

28                                   8

4.    Senior Deputy Jackson's failure to act caused Mr. Collier harm.  In order to establish that the failure to act of Senior Deputy Jackson caused Mr. Collier harm, Mr. Collier must prove by a preponderance of the evidence that the failure to act was so closely related to his injury as to be the moving force that caused the ultimate injury.

The parties agree that the Senior Deputy Jackson acted, or failed to act, under the color of law.

**DAMAGES - PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Collier, you must determine his damages. Mr. Collier has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Mr. Collier for any injury you find was caused by Defendants.  You should consider the following:

1.    The nature and extent of any physical injuries;

2.    The physical and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

You may award Mr. Collier damages for emotional pain and suffering only if you find that he suffered a physical injury.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

9

United States District Court
For the Northern District of California

**NOMINAL DAMAGES**

If you find for Mr. Collier but you find that he has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**PUNITIVE DAMAGES**

If you find for Mr. Collier on his claim against Deputy Neu, you may, but are not required to, award punitive damages.  In this case, only Deputy Neu may be subject to punitive damages.  The purposes of punitive damages are to punish Deputy Neu and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

Mr. Collier has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.  You may award punitive damages only if you find that Deputy Neu's conduct was malicious, oppressive or in reckless disregard of Mr. Collier's rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring a plaintiff. Conduct is in reckless disregard of a plaintiff's rights if, under the circumstances, it reflects complete indifference to a plaintiff's safety or rights, or if a defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law.  An act is oppressive if a defendant injures or damages or otherwise violates the rights of a plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

10

**United States District Court**
For the Northern District of California

1  If you find that punitive damages are appropriate, you must

2  use reason in setting the amount.  Punitive damages, if any, should

3  be in an amount sufficient to fulfill their purposes but should not

4  reflect bias, prejudice or sympathy toward any party.  In

5  considering the amount of any punitive damages, consider the degree

6  of reprehensibility of Deputy Neu's conduct.  In addition, you may

7  consider the relationship of any award of punitive damages to any

8  actual harm inflicted on Mr. Collier.

9  Punitive damages may be awarded even if you award Mr. Collier

10  only nominal, and not compensatory, damages.

11  **USE OF NOTES**

12  Some of you have taken notes during the trial.  Whether or not

13  you took notes, you should rely on your own memory of what was

14  said.  Notes are only to assist your memory.  You should not be

15  overly influenced by the notes.

16  **DUTY TO DELIBERATE**

17  When you begin your deliberations, you should elect one member

18  of the jury as your presiding juror.  That person will preside over

19  the deliberations and speak for you here in court.

20  You will then discuss the case with your fellow jurors to

21  reach agreement if you can do so.  Your verdict must be unanimous.

22  **COMMUNICATION WITH COURT**

23  If it becomes necessary during your deliberations to

24  communicate with me, you may send a note through the Court security

25  officer, signed by your presiding juror or by one or more members

26  of the jury.  No member of the jury should ever attempt to

27  communicate with me except by a signed writing; I will communicate

28

11

with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.

Dated: April 7, 2011

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California