IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE COLLIER,<br><br>          Plaintiff,<br><br>    v.<br><br>SHERIFF MICHAEL HENNESSEY, et al.,<br><br>          Defendants.<br>_____/ | No. C 06-01143 CW<br><br>ORDER GRANTING PLAINTIFF'S <u>PRO SE</u> MOTION TO AMEND MOTION FOR A NEW TRIAL, DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL AND GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW<br>(Docket Nos. 199, 204, and 205) |

    Plaintiff Tremayne Collier moves for a new trial.  He also moves, in a <u>pro se</u> capacity, to amend the motion for a new trial filed by his counsel.  Gregory D. Hull, Nathan A. Greenblatt, Hong-An Tran and L. Okey Onyejekwe move to withdraw as Plaintiff's counsel.  Defendants Sheriff Michael Hennessey, et al., oppose Plaintiff's motion for a new trial.  The motions were taken under submission on the papers.  Having considered the papers submitted by the parties, the Court GRANTS Plaintiff's <u>pro se</u> motion to amend, DENIES his motion for a new trial and GRANTS his attorneys' motion to withdraw.

                            BACKGROUND

    In this section 1983 action, Plaintiff alleged that Defendants Evan Staehely, Harold Castro, Scott Neu and Jason Jackson used excessive force while transferring him from one unit to another in a San Francisco County jail.[1]  On April 7, 2011, a jury concluded

_____

    [1] Plaintiff's claims against Defendants Michael Hennessey,
                                            (continued...)

that these Defendants did not use excessive force.  The Clerk

entered judgment against Plaintiff on April 8, 2011.

On May 6, 2011, through his counsel, Plaintiff moved for a new

trial.  On May 25, 2011, in a <u>pro se</u> capacity, Plaintiff moved to

amend his motion for a new trial, seeking to raise arguments not

asserted by his counsel.  That same day, the Clerk received

Plaintiff's counsel's motion to withdraw,[2] which was sent by

Plaintiff.

DISCUSSION

I.   Motion for New Trial

Under Federal Rule of Civil Procedure 59(a), a trial court may

grant a new trial for "grounds that have been historically

recognized." <u>Zhang v. Am. Gem Seafoods</u>, 339 F.3d 1020, 1035 (9th

Cir. 2003).  These historical grounds include "claims 'that the

verdict is against the weight of the evidence, that the damages are

excessive, or that, for other reasons, the trial was not fair to

the party moving.'" <u>Molski v. M.J. Cable, Inc.</u>, 481 F.3d 724, 729

(9th Cir. 2007) (quoting <u>Montgomery Ward & Co. v. Duncan</u>, 311 U.S.

243, 251 (1940)).  Against this background, the Ninth Circuit has

stated that a "trial court may grant a new trial only if the

verdict is contrary to the clear weight of the evidence, is based

upon false or perjurious evidence, or to prevent a miscarriage of

justice." <u>Molski</u>, 481 F.3d at 729 (citation and internal quotation

---

[1](...continued)
Marty Ideta and Jim Aragon were dismissed at various times before
the case was submitted to the jury.

[2] The motion to withdraw was not signed by Plaintiff's
counsel.  However, on June 1, 2011, Mr. Greenblatt filed a
declaration supporting the motion to withdraw.

marks omitted).

Plaintiff asserts that a new trial is necessary to avoid a miscarriage of justice. However, none of the grounds he raises warrants a new trial.

First, Plaintiff contends that he was unduly prejudiced by various statements made during trial. He points to Defendants' counsel's representation that a strip search conducted immediately after the purported assault revealed that he had a razor blade; Defendant Castro's statement that he was being detained for a "heinous" crime; and Defendants' counsel's suggestion, during her closing argument, that he was serving a long sentence for his conviction. The comment about the razor blade; the single use of the word "heinous," to which an objection was sustained; and Defendants' counsel's closing argument do not warrant a new trial. These isolated instances are not analogous to the cumulative, pervasive errors that justified ordering new trials in O'Rear v. Fruehauf Corp., 554 F.2d 1304 (5th Cir. 1977), and City of Cleveland v. Kiewit Sons' Co., 624 F.2d 749 (6th Cir. 1980).

Second, Plaintiff argues that he was deprived of a fair trial because the Court failed to compel Defendant Staehely to disclose his dental records. Plaintiff contends that he intended to show that Defendant Staehely lied about chipping a tooth during the incident at issue. Plaintiff does not demonstrate, however, that such evidence would have been likely to change the outcome of his case. See Jones v. Aero/Chem. Corp., 921 F.2d 875, 878 (9th Cir. 1990).

Third, Plaintiff complains that the Court erred by not showing the jury a pair of handcuffs. However, he offers no authority

3

**United States District Court**
For the Northern District of California

1   suggesting that a new trial is warranted based on a failure to

2   provide the jury a demonstrative.

3       Finally, Plaintiff contends that he is entitled to a new trial

4   because of the ineffective assistance of counsel.  However, "a

5   plaintiff in a civil case has no right to effective assistance of

6   counsel." <u>Nicholson v. Rushen</u>, 767 F.2d 1426, 1427 (9th Cir.

7   1985).  "When, as here, counsel is not required, there is no right

8   to effective assistance despite the fact that a litigant's counsel

9   is court-appointed." <u>Id.</u>

10      Accordingly, Plaintiff's motion for a new trial must be

11  denied.

12  II.  Motion to Withdraw as Counsel

13      Plaintiff's counsel moves to withdraw.  According to Mr.

14  Greenblatt, Plaintiff has instructed counsel to withdraw and has

15  stated his intent to proceed in a <u>pro se</u> capacity.

16      Finding good cause, the Court grants Plaintiff's counsel's

17  motion to withdraw.

18                          CONCLUSION

19      For the foregoing reasons, the Court GRANTS Plaintiff's <u>pro se</u>

20  motion to amend (Docket No. 204), DENIES his motion for a new trial

21  (Docket No. 199) and GRANTS his counsel's motion to withdraw

22  (Docket No. 205).  All further papers filed in this action shall be

23  served on Plaintiff directly through United States mail.

24      IT IS SO ORDERED.

25

26  Dated: 7/13/2011                    _Claudia Wilken_____

27                                      CLAUDIA WILKEN
                                        United States District Judge

28

                            4